Salvador **RULLAN**, et al. Plaintiffs,

v.

**COUNCIL OF CO–OWNERS OF MCKIN-
LEY COURT CONDOMINIUM, et
al., Defendants.**

**Civ. No. 94–1778 GG.**

United States District Court,
D. Puerto Rico.

Sept. 12, 1995.

Robert E. Schneider, Jr., San Juan, PR, for plaintiff.

Pedro R. Pierluisi, Attorney General, Desiree Laborde Sanfiorenzo, Federal Litigation Division, Department of Justice, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for defendants Justices of the Commonwealth of Puerto Rico.

Marcos A. Ramirez Lavandero, Jose A. Nazario Alvarez, Old San Juan, PR, for defendants Members of the Council of Co-Owners of McKinley Court Condominium.

## OPINION AND ORDER

GIERBOLINI, Senior District Judge.

Pending before us are three separate motions to dismiss this civil rights complaint filed by the Council of Co-owners of McKinley Condominium, ("Co-owners"), the Justices of the Puerto Rico Supreme Court— Myriam Naveira de Rondón, Federico Hernández Denton and Rafael Alonso Alonso— ("Justices") and by Superior Court Judge Wilfredo Alicea López ("Judge Alicea"). Co-defendants allege that plaintiffs' 1983 claim cannot stand because the Co-owners are not state actors, and because the Justices and Judge Alicea may not be held liable for acting in their adjudicatory capacity. In response to defendants' motions, plaintiffs filed a motion requesting an extension of time and permission to file a consolidated response to defendants' respective motions for dismissal. Plaintiffs never filed an opposition, however.

## I. FACTUAL BACKGROUND

Plaintiffs are the owners of a two-story penthouse occupying the 10th and 11th floors of the McKinley Court Condominium. According to the building's master deed, the 10th floor is comprised of a two-bedroom apartment. The 11th floor constitutes the second story of the penthouse, consisting of a bathroom, closets, a bar area with counters and a terrace wrapping around the perimeter of the floor. The master deed designates the roof of the elevator's machine room as the flat roof of the building, thus creating a 12th floor.

In September, 1986 the Co-owners filed suit in Puerto Rico Superior Court against plaintiffs pursuant to state property law. The Co-owners sought access to the 11th floor, asserting the 11th floor is actual flat roof of the building. The Co-owners also requested that the bathroom and other structures on the 11th floor be removed because they encroached upon the building's common areas. The Co-owners argued that access to

the roof and removal of plaintiffs' structural additions were crucial to guarantee the residents' safety in the event of an emergency.

On September 23, 1986, Judge Alicea held that the roof of the elevator's machine room, rather than the 11th floor, was the building's actual flat roof. He also denied the Co-owners' petition to eliminate plaintiffs' additions in the 11th floor, but granted the Co-owners access to said floor for safety reasons. The Co-owners appealed to the Supreme Court of Puerto Rico reiterating their position that the 11th floor constituted the flat roof of the building. On May 7, 1990, the Supreme Court of Puerto Rico found that plaintiffs violated the master deed by closing access to the 11th floor, endangering the safety and well being of the residents. Accordingly, the Puerto Rico Supreme Court held that the 11th floor represents the flat roof of the building and that plaintiffs' structural additions to the 11th floor exceed the legally permitted area for construction and must be removed.

Plaintiffs did not comply with the Puerto Rico Supreme Court's order to dismantle the structures on the 11th floor. Instead, they filed motions for reconsideration, which Judge Alicea denied. Judge Alicea also ordered plaintiffs to comply with the Puerto Rico Supreme Court's decision regarding the removal of the 11th floor structures under penalty of civil contempt, and imposed sanctions in the form of attorney's fees against plaintiffs for failing to obey the orders of the court.

On June 7, 1994, plaintiffs filed the instant § 1983 action requesting we grant declaratory and injunctive relief from the judgment and contempt order against them. Plaintiffs claim that the Justices and Judge Alicea violated their rights under the Fifth Amendment by ordering the removal of the structures on the 11th floor, thus taking their property without due process or just compensation. Plaintiffs also allege that the Co-owners violated their constitutional right to a fair and impartial hearing because of the Co-owners' alleged arbitrary, discriminatory, and illegal acts under color of state law. The instant unopposed motions to dismiss by each of the co-defendants followed.

## II. MOTION TO DISMISS

### A. Standard

In considering a challenge to the pleadings pursuant to Fed.R.Civ.P. 12(b)(6), we must accept all allegations as true, and "draw all reasonable inferences therefrom" in favor of the objector. *The Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989) (citing *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 276, 96 S.Ct. 2574, 2576–77, 49 L.Ed.2d 493 (1976)). To withstand the challenge, the complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory". *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988). Failure to make sufficient allegations supporting a claim warrants dismissal of the complaint. *Conley v. Gibson*, 355 U.S. 41, 45–48, 78 S.Ct. 99, 101–03, 2 L.Ed.2d 80 (1957).

### B. Plaintiffs' Claim for Relief Under § 1983 Against the Co-owners

Plaintiffs contend that the Co-owners deprived them of fair and impartial judicial proceedings simply because the Co-owners successfully obtained judicial redress in state court.

It is a fundamental and universal principle that § 1983,

> "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes places 'under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory....' "

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924, 102 S.Ct. 2744, 2747, 73 L.Ed.2d 482 (1982), quoting 42 U.S.C. § 1983 (1973) (footnote omitted). To state a claim under § 1983, "a plaintiff must show both the existence of a federal constitutional or statutory right, and a deprivation of that right by a person acting under color of state law." *Rockwell v. Cape Cod Hosp.*, 26 F.3d 254, 256 (1st Cir.1994).

Asserting a deprivation of a right conveys only one of the two components for the

state action requirement of § 1983. *Casa Marie v. Superior Court of Puerto Rico,* 988 F.2d 252, 258 (1st Cir.1993) (dismissing § 1983 claims against a state court for failure to establish state action). Section 1983 also requires that plaintiffs show that the Co-owners acted under color of state law. *Id.* Generally speaking, the acts of private persons may constitute actions under color of state law when, for instance, private persons act jointly with state officials, *United States v. Price,* 383 U.S. 787, 794, 86 S.Ct. 1152, 1156–57, 16 L.Ed.2d 267 (1966), or when their conduct may be chargeable to the state. *Lugar,* 457 U.S. at 924, 102 S.Ct. at 2747.

In the instant case, the complaint does not contain any allegations supporting plaintiffs' claim that Co-owners acted under color of law. The complaint merely rambles on about the Co-owners' efforts to assert their rights in state court. There is not one allegation that the Co-owners acted as private persons jointly engaged with state officials or that their conduct is otherwise chargeable to the state. Thus, we find that plaintiffs' have failed to allege an essential element of their § 1983 claim against the Co-owners.

Moreover, a reading of the complaint demonstrates that plaintiffs were aware or should have been aware of this basic deficiency in their claim. Consequently, we find plaintiffs' claim meritless, frivolous and, perhaps, sanctionable.

## C. Plaintiffs' Claim Under § 1983 Against the Justices

Although similarly spurious, plaintiffs' claims against the Justices and Judge Alicea require a different approach due to plaintiffs' requested relief. Plaintiffs contend that the Justices and Judge Alicea deprived plaintiffs of their constitutional right to due process. Plaintiffs allege that the Justices issued an unfounded and biased decision, and that Judge Alicea, relying on the Justices' opinion, issued unconstitutional orders against them. Plaintiffs seek declaratory and injunctive relief pursuant to § 1983 in order to prevent enforcement of the judgment against them.

Judges enjoy absolute immunity from liability for truly judicial or adjudicatory acts. *Forrester v. White,* 484 U.S. 219, 227, 108 S.Ct. 538, 544, 98 L.Ed.2d 555 (1988). Absolute judicial immunity is necessary to protect a judge's independence in adjudicating controversies. *Id.* at 225, 108 S.Ct. at 543. "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decision likely to provoke such suits." *Id.* at 226–27, 108 S.Ct. at 544. Because judges, as simple "arbiters without a personal or institutional stake on either side of the ... controversy ...," play no role in the original controversy, they are not liable under § 1983 for purely adjudicatory actions. *In re Justices of Supreme Court of Puerto Rico,* 695 F.2d 17, 21–22 (1st Cir.1982).

Absolute judicial immunity does not bar "prospective injunctive relief against a judicial officer acting in her judicial capacity," however. *Pulliam v. Allen,* 466 U.S. 522, 541–42, 104 S.Ct. 1970, 1981, 80 L.Ed.2d 565 (1984). Judges serving in either administrative, executive or legislative capacities enjoy less than absolute immunity. *Forrester,* 484 U.S. at 227–28, 108 S.Ct. at 544–45. The courts have carefully defined the limited circumstances under which judges may be liable under § 1983. A grant of equitable relief against a judge acting in his adjudicatory capacity is reserved for "really extraordinary circumstances." *Pulliam,* 466 U.S. at 538, 104 S.Ct. at 1979.

Plaintiffs' complaint does not allege that the Justices or Judge Alicea acted outside their adjudicatory capacity in issuing the orders and judgment in the state court proceedings. Plaintiffs simply label the Justices and Judge Alicea's actions as biased and unfounded without averring any facts that would demonstrate the co-defendants' actions were outside their judicial role. Thus, plaintiffs have failed to assert an "extraordinary circumstance" requiring injunctive relief against the Justices and Judge Alicea's orders. Because we grant the motion to dis-

miss, we need not consider the defendants' alternative grounds for dismissal.

In light of the meager allegations contained in the complaint, we see no motivation behind this action other than a desperate attempt to circumvent the proper channels of judicial dispute resolution. Similar to their claim against the Co-owners, we find plaintiffs' action against the Justices and Judge Alicea baseless and frivolous.

**WHEREFORE,** in view of the above, defendants' motions to dismiss are hereby **GRANTED.** Consequently, plaintiffs' claims are hereby **DISMISSED WITH PREJU-DICE.** Judgment shall be entered accordingly.

**SO ORDERED.**