**Billy MERRITT, Plaintiff,**

v.

**Kendall BRANTLEY, Individually and as Executive Officer of Toombs County Board of Education, and Toombs County Board of Education and successors in interest, Defendants.**

Civil Action No. 694–104.

United States District Court,
S.D. Georgia,
Statesboro Division.

May 28, 1996.

Malcolm Felix Bryant, Jr., Vidalia, GA, for plaintiff.

Percy J. Blount, N. Shannon Gentry, Glover & Blount, P.C., Augusta, GA, for defendants.

### ORDER

EDENFIELD, Chief Judge.

Defendants Kendall Brantley and the Toombs County Board of Education (the Board) move this Court for summary judgment against plaintiff Billy Merritt in his 42 U.S.C. § 1983 action against them. Merritt opposes the motion, contending that an issue of fact remains for a jury to resolve.

## I. BACKGROUND

While employed by the Board as a teacher at Toombs County High School, Merritt accepted additional employment as a baseball coach for the 1993–94 school year. Complaint ¶¶ 5–6.[1] The coaching contract formed an addendum to Merritt's teaching contract; it provided that it was "separate from the teaching contract assignment and can be eliminated at the discretion of the employer." Defendants' 1/4/95 MSJ Brief Exh. A.

Merritt alleges, and defendants deny, that he and the Board verbally agreed to renew his coaching contract for the 1994–95 year on the same terms and conditions. Complaint ¶ 6; Answer ¶ 6. However, before he finished serving the 1993–94 term, the Board, by way of a 4/13/94 letter from Brantley, terminated him. Complaint ¶ 7; Defendants' 1/4/95 MSJ Brief Exh. C. The letter informed Merritt that

> (1) "[i]n general, there was much concern regarding your treatment of baseball team members and those members of the team

---

1. All paragraph references, unless otherwise indicated, are to Count I of the Complaint.

who felt that they had to leave the team as a result of your use of sarcasm and humiliating demeanor toward them";

(2) "[o]ther factors that were taken into consideration ... were your continued use of tobacco products (a violation of board policy JCDAA), and your failure to follow proper accounting procedures that are consistent with school standard D1.2, Fiscal Management."

Defendants' MSJ Brief Exh. 1.

The Board thus terminated him as coach for the 1994–95 school year, and immediately suspended him from further coaching duties during the 1993–94 term, though it continued to pay him for the remainder of that term. *Id.;* Answer ¶ 7. Brantley's letter expressed his hope that Merritt's "continued employment as a teacher with the Toombs County School System will be productive." *Id.*

Although Merritt alleges that his subsequent request for a hearing was denied, Complaint ¶ 8, he does attest that he was able to speak before the Board at a 5/6/94 Board meeting, though he was never notified of any subsequent Board action. 1/10/95-filed Aff. ¶¶ 10–11. Defendant Brantley subsequently gave him "an unsatisfactory evaluation on his permanent record for having appeared before the [B]oard...." *Id.* ¶ 11.

Merritt initially alleged that the defendants violated his due process and equal protection rights by failing to accord him a pre-termination hearing prior to canceling his 1994–95 coaching job. Complaint ¶ 9; 1/23/95 Merritt Brief at 6. They also violated, he maintained, the notice and hearing requirements of O.C.G.A. § 20–2–940. Complaint ¶ 10. Merritt sought $2,500 in contract damages, and $75,000 because defendants defamed him. Complaint Count II ¶¶ 1–8. After defendants raised a liberty interest argument in their summary judgment brief, Merritt amended his Complaint to advance that claim, too.

## II. ANALYSIS

### A. Plaintiff's § 1983 Claim

■ To state a § 1983 claim, Merritt must allege that a person, while acting under color of state law, deprived him of a federal or constitutional right. *Edwards v. Wallace Community College,* 49 F.3d 1517, 1522 (11th Cir.1995). Exhaustion of unreviewed administrative remedies is not required before bringing a § 1983 claim. *Thornquest v. King,* 61 F.3d 837, 841 n. 3 (11th Cir.1995); *Bussinger v. City of New Smyrna Beach Fla.,* 50 F.3d 922, 925–26 (11th Cir.1995). And, there appears to be no dispute that Merritt has satisfied the "acting under color of state law" requirement. *See Rullan v. McKinley Court Condominium,* 899 F.Supp. 857, 859–60 (D.Puerto Rico. 1995).

■ In *Zinermon v. Burch,* 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990), the U.S. Supreme Court clarified that, beyond the "incorporationist" due process rights, *see id.,* 494 U.S. at 125, 110 S.Ct. at 983, there are just two kinds of constitutional protection under the Fourteenth Amendment's Due Process Clause: procedural due process and substantive due process. *Id.* Violation of those protections may support a § 1983 suit. *Id.*

■ With respect to his federal claims Merritt initially pleaded nothing more than due process-based, § 1983 causes of action.[2] More specifically, he alleged procedural and substantive due process violations. That placed the burden upon him to show that he had a constitutionally protectible interest in his employment. *Nolin v. Douglas County,* 903 F.2d 1546, 1552–1554 (11th Cir.1990) (district court did not err in directing verdict against plaintiff because he failed to prove he had a property interest in his employment under Georgia law, a necessary prerequisite to a finding of procedural and substantive due process violations), *overruled on other grounds, McKinney v. Pate,* 20 F.3d 1550

2. None of the basic elements of an equal protection violation have been pleaded in this case. *See Morley's Auto Body, Inc. v. Hunter,* 70 F.3d 1209, 1217 n. 5 (11th Cir.1995) (plaintiff must assert or establish the existence of a suspect classification or deprivation of a fundamental constitutional right); *Hopwood v. State of Tex.,* 78 F.3d 932, 939–40 (5th Cir.1996) (unequal treatment based on race); *Belk v. Westbrooks,* 266 Ga. 628, 469 S.E.2d 149 (1996). Hence, defendants are entitled to summary judgment on Merritt's equal protection claim.

(11th Cir.) (en banc), *cert. denied,* —— U.S. ——, 115 S.Ct. 898, 130 L.Ed.2d 783 (1994).

■ An at-will employee typically will not be able to establish a § 1983 claim because there is no property interest to protect. *Nichols v. City of Kirksville,* 68 F.3d 245, 248 (8th Cir.1995). In contrast, "[a] public employee who can be terminated only for cause ... may legitimately claim an entitlement to a property interest in continued employment." *Nolin,* 903 F.2d at 1553; *see also Wallace v. Shreve Memorial Library,* 79 F.3d 427, 429 (5th Cir.1996) ("A public employee who has a property interest in her job cannot be fired without due process of law"); *Harris v. Mississippi Valley State Univ.,* 899 F.Supp. 1561, 1573–74 (N.D.Miss.1995). That showing is generally made by reference to laws, regulations or personnel policies. *Nolin,* 903 F.2d at 1553.[3]

In partially overruling *Nolin,* the *McKinney* court made it clear that a public employee like Merritt will show no violation of a substantive due process right because he is complaining only about employment-based rights, while " 'substantive due process rights are created only by the Constitution.' " *McKinney,* 20 F.3d at 1556 (quoting *Regents of Univ. of Mich. v. Ewing,* 474 U.S. 214, 229, 106 S.Ct. 507, 515, 88 L.Ed.2d 523 (1985)). Hence, Merritt at most asserts a procedural due process right, *id.,* 20 F.3d at 1556–60, the violation of which is not shown

> "unless and until the State fails to provide due process." *Zinermon,* 494 U.S. at 123, 110 S.Ct. at 983. In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise.

*McKinney,* 20 F.3d at 1557.

The *McKinney* court held that, even if a county building inspector holding a protecti-

ble interest was fired without a proper hearing, he at most raised a procedural due process violation which ultimately failed because of the availability of adequate state remedies that he failed to exploit. 20 F.3d at 1564–65; *see also Narey v. Dean,* 32 F.3d 1521, 1527–28 (11th Cir.1994) (tenured Georgia state employee's § 1983 claim for pretextual demotion should not have gone to a jury because, in failing to pursue state-court remedies, it could not be said that he was denied procedural due process). "Significantly, McKinney did not [even] allege in his complaint that the state procedures were inadequate." *McKinney,* 20 F.3d at 1563 n. 18. The same must be said here of Merritt.

"McKinney [thus] failed to take advantage of any state remedies, opting instead to pursue his claim in federal court." *McKinney,* 20 F.3d at 1563. Apparently, so did Merritt. In other words, even assuming *arguendo* that Merritt held a protectible property interest in his coaching job, a fatal flaw nevertheless exists in Merritt's case. That flaw is not grounded upon any failure to exhaust an available state remedy, but rather upon Merritt's failure to show the ***absence*** of an adequate state remedy. That is the essence of a procedural due process claim in this context. *McKinney,* 20 F.3d at 1564 n. 20; *see also Bussinger,* 50 F.3d at 925–26; *Narey,* 32 F.3d at 1527–28.

Thus, assuming that Merritt is suffering a recognizable deprivation arising from the manner in which he was terminated, nevertheless he has failed to plead and prove that the State did not provide him with a postdeprivation remedy. *Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir.1995) ("a procedural due process claim will not be stated unless the plaintiff pleads and proves that his available state remedies are inadequate"). Indeed, Merritt himself has referenced a remedy by citing to Georgia's Fair Dismissal Act, O.C.G.A. § 20-2-940, in ¶ 10 of his Com-

---

**3.** The Court assumes, for the purpose of deciding defendants' motion, that Merritt held a property interest in continued employment as a Toombs County high school baseball coach. *See generally Brewer v. Purvis,* 816 F.Supp. 1560, 1572–73 (M.D.Ga.1993) (teacher with no written coaching contract held no property interest in coaching

position and thus was not entitled to a pre-termination hearing), *aff'd,* 44 F.3d 1008 (11th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 1965, 131 L.Ed.2d 855 (1995). And, the Court also will accept as true Merritt's allegation that he was entitled to O.C.G.A. § 20-2-940 (Fair Dismissal Act) protections. Complaint ¶ 10.

plaint, and insisting that it applies. *See* 1/23/95 Merritt Brief at 7–8.

More importantly, the Georgia Supreme Court, applying *Zinermon, McKinney* and *Narey,* held that a discharged employee of the Atlanta Board of Education could "not maintain a claim for damages for a procedural due process deprivation under section 1983 when the state court review of her termination provided an adequate remedy under state law." *Atlanta City School District v. Dowling,* 266 Ga. 217, 218, 466 S.E.2d 588 (1996). In other words, while it may be true that the defendants *sub judice* failed to provide Merritt with pre-termination notice as required by O.C.G.A. § 20-2-940(b), *Dowling* demonstrates that he could have sued the defendants in state court to enforce that right, as well as vindicate the merits of his claim. Having bypassed his own state-court remedy (*i.e.* the procedural due process availed to him), Merritt can not now complain that he was deprived of it.

█ In their summary-judgment brief defendants argued whether Merritt had a liberty interest. Defendants' 1/4/95 Brief at 11–15. However, plaintiff never pleaded that in his Complaint. In response, plaintiff amended his Complaint to allege the deprivation of his liberty interest (*i.e.,* by reason of his termination "without giving plaintiff a hearing a stigma has been imposed on the plaintiff that forecloses his freedom to take advantage of other employment opportunities"). 1/18/95 Amendment at 1.

█ " 'An individual has a liberty interest in employment protected by the Due Process Clause if the [personnel action] is for reasons that might seriously damage his standing in the community, or if [it] effectively precludes future work in the individual's chosen profession.' " *Stiesberg v. State of California,* 80 F.3d 353, 356 (9th Cir.1996) (quoting *Merritt v. Mackey,* 827 F.2d 1368, 1373 (9th Cir.1987) (brackets original)). That liberty interest is not infringed by defamatory comments alone; infringement occurs only when the defamation is made in connection with the loss of a government benefit such as employment. *Stiesberg,* 80 F.3d at 357.

*Stiesberg* conforms with the Tenth Circuit's four-element test for showing government infringement of a reputation-based liberty interest:

First, to be actionable, the statements must impugn the good name, reputation, honor, or integrity of the employee. Second, the statements must be false. Third, the statements must occur in the course of terminating the employee or must foreclose other employment opportunities. And fourth, the statements must be published.

*Workman v. Jordan,* 32 F.3d 475, 481 (10th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1357, 131 L.Ed.2d 215 (1995) (citations omitted); *accord, Walker v. Elbert,* 75 F.3d 592, 597 (10th Cir.1996). These holdings align with *Thomas v. Devries,* 834 F.Supp. 398 (M.D.Ga.1993), *aff'd,* 36 F.3d 95 (11th Cir.1994), *Morley's Auto Body, Inc. v. Hunter,* 70 F.3d 1209, 1217 n. 5 (11th Cir.1995) and *Douglas v. Evans,* 916 F.Supp. 1539, 1548–49 (M.D.Ala.1996).

These cases require, at a minimum, that plaintiff show not only publication but also "that such statements caused a loss of employment activities." *Walker,* 75 F.3d at 597. Speculative beliefs are insufficient to create an issue of fact. *Id.* In addition, "stigma plus infringement" liberty interest claims such as Merritt's cannot rest upon generalized assertions that the alleged defamation infringed his "freedom of choice in the job market." *Vander Zee v. Reno,* 73 F.3d 1365, 1369–70 (5th Cir.1996).

In this case the alleged stigma arose from the comments contained in Brantley's 4/13/94 letter providing Merritt with the Board's reasons for his termination, as well as alleged negative statements contained in Merritt's personnel file. However, Merritt has failed to show publication, Merritt Dep. at 57–58, and in fact fails to address, much less negate, both defendants' Fact Statements ¶¶ 10–13 as well as their evidence suggesting that *Merritt himself* published the termination letter's contents during an interview that he gave to a newspaper journalist. *Id.* at 62–64 & Dep. Exh. 6 (denying that he furnished copy of letter to reporter who published article relating letter's contents but admitting

that he "went over part of it" with her; Defendants' 1/4/95 Brief at 12. *see also* Brantley Dep. at 63–64 (he declined to comment on the termination when queried by a reporter).

In addition, Merritt at most advances his speculative belief "that such statements caused a loss of employment activities." *Walker,* 75 F.3d at 597. But, as mentioned above, speculative beliefs are insufficient to create an issue of fact. *Id.* Finally, although plaintiff McKinney raised a liberty interest claim in *McKinney,* 20 F.3d at 1555; *see also Bussinger,* 50 F.3d at 925 n. 4, it apparently was foreclosed (albeit *sub silentio* ) by the *McKinney* court's analysis (*i.e.,* by failing to pursue available state court remedies that could, in theory, have vindicated his reputation, McKinney's liberty interest claim was likewise waived). There is no good reason why Merritt's claim likewise should not suffer the same fate. Hence, Merritt's liberty interest claim fails on three grounds: (1) no publication; (2) speculative impact; and (3) "*McKinney* waiver."

#### B. State Law Claims

■ "The decision of whether to dismiss a complaint still containing state law issues after all federal causes evaporate is within the district court's sound discretion." *Flint Elec. Membership Corp. v. Whitworth,* 68 F.3d 1309, 1314 (11th Cir.1995), *modified on other grounds,* 77 F.3d 1321 (11th Cir. 1996). Embedded in Count I of Merritt's Complaint is what may be best characterized as a "plain vanilla" contract claim. *See* Complaint ¶ 10 ("Furthermore, Defendants ... breached their contractual obligation to Plaintiff by terminating his employment without notice and hearing as specifically provided for by statute and specifically set out in O.C.G.A. § 20–2–940").

Merritt has at least four, if not six years within which to file a breach of contract action in State court. *See Coleman v. Hicks,* 209 Ga.App. 467, 468–69, 433 S.E.2d 621 (1993); *Hutcherson v. Vanguard Exterminators, Inc.,* 207 Ga.App. 331, 332, 427 S.E.2d 828 (1993). Hence, Merritt will suffer no legal prejudice by dismissal of this claim.

■ Merritt's defamation claim is meritless. Indeed, Merritt's summary judgment brief fails to respond to the defendants' argument and evidentiary showing on this issue. Merritt has failed to show a cornerstone element: publication. In other words, "[a] libel is published as soon as it is communicated to any person *other than the party libeled.*" O.C.G.A. § 51–5–3 (emphasis added). "Publication is indispensable to recover for [libel]." *Fly v. Kroger,* 209 Ga.App. 75, 77, 432 S.E.2d 664 (1993) (internal quotes omitted). Self-publication obviously neutralizes any such showing. At a minimum, Merritt has failed to show publication. In addition, defendants' unrebutted evidence shows that Merritt self-published. Hence, his defamation claim fails as a matter of law.

### III. CONCLUSION

Although defendant Brantley may be entitled to qualified immunity with respect to suit against him in his *individual* capacity, *see Lassiter v. Alabama A & M University,* 28 F.3d 1146, 1149 (11th Cir.1994) (en banc) (emphasizing that this defense shields defendants only in their individual capacities); *Zepp v. Rehrmann,* 79 F.3d 381, 387–88 (4th Cir.1996) (applying qualified immunity defense against "defamation plus" liberty interest claim) it is not necessary to address that defense in light of the above disposition on the merits. Accordingly, defendants' motion for summary judgment against the plaintiff is ***GRANTED.***