**Phillip WALLACE, Jr., et al., Plaintiffs,**

v.

**BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, et al. Defendants.**

**Nos. CV 496–152, CV 496–187.**

United States District Court,
S.D. Georgia,
Savannah Division.

May 19, 1997.

Matthew W. Wallace, Wallace & Tetreault, Savannah, GA, Victor J. Tetreault, Wallace & Tetreault, L.L.C., Savannah, GA, for Phillip Wallace, Jr., Lasonya P. Stovall.

Julia B. Anderson, Assistant Attorney General, Atlanta, GA, John Eric Bumgartner,

Richard K. Strickland, Whelchel, Brown, Readdick & Bumgartner, Brunswick, GA, for Board of Regents of the University of Georgia.

Julia B. Anderson, Assistant Attorney General, Atlanta, GA, John Eric Bumgartner, Richard K. Strickland, Whelchel, Brown, Readdick & Bumgartner, Brunswick, GA, Ralph Krannert Riddle, Savannah, GA, for Frank Ellis, Jr.

Julia B. Anderson, Assistant Attorney General, Atlanta, GA, John Eric Bumgartner, Whelchel, Brown, Readdick & Bumgartner, Brunswick, GA, Ralph Krannert Riddle, Savannah, GA, for Shirley S. Paremore.

## ORDER

NANGLE, District Judge.

Before the Court are defendants' motions for summary judgment on the claims of plaintiff Phillip Wallace, Jr. and plaintiff Lasonya Stovall. For the reasons set forth below, defendants' motions for summary judgment are granted.

## BACKGROUND

Plaintiff Wallace, an African–American male, was hired in August of 1990, by Savannah State College [1] ("Savannah State") as the Ladies Head Basketball Coach and in a budgeted position of Demonstration Teacher. Wallace's 1995–96 annual salary in the capacity of demonstration teacher was $28,002.00. ( Pre–Trial Order "PTO", Stipulation "Stip." vvv). He did not have a written contract because Savannah State generally does not issue employment contracts to coaches. (PTO Stip. bb, cc). Coach Wallace had the best winning percentage of any Ladies Basketball Coach in Savannah State history. (PTO Stip. m). He remained Head Coach until June 30, 1995, when he was relieved of his coaching duties for alleged National Collegiate Athletic Association ("NCAA") violations. On June 30, 1995, Frank Ellis, the Athletic Director, publicly stated that Wal-

lace had been terminated for possible NCAA violations. (Plaintiffs' Response Exhibit C). Wallace was terminated without notice or a hearing.[2] (PTO Stip. o). After his removal as Coach, plaintiff Wallace remained employed by Savannah State with no change in salary. (PTO Stip. gggg). Carla Debro was hired to replace Wallace as Head Coach and held a budgeted position of Co–Op Site Coordinator. (PTO Stip. www, xxx). Ms. Debro's initial starting salary was $29,500.00 per year. (PTO Stip. yyy). Wallace was hired by Morris Brown College as Head Ladies Basketball Coach in March 1996, making a starting salary of $30,000.00 per year. (PTO Stip. uu). Morris Brown College is in the same conference and division of the NCAA as Savannah State. (PTO Stip. ss).

Plaintiff Stovall was hired in August of 1991, to assist plaintiff Wallace as Women's Assistant Basketball Coach and in a budgeted position of Relief House Director. (PTO Stip. p, q, r). Stovall, like Wallace, did not have a written contract. (PTO Stip. bb). In 1993, Stovall filed an EEOC complaint alleging an Equal Pay Act violation by defendant. Savannah State and plaintiff Stovall entered into a settlement agreement with regard to this claim, giving her a one year contract as Head Coach of Women's Cross Country, with a salary of $25,000 and paying her back wages in the amount of $12,207.00. (PTO Stip. t-v, exhibit A). Stovall acted as Head Coach of Women's Cross Country from July 1, 1994 until June 30, 1995 and received a salary of $25,000. (PTO Stip. ddd, eee). Stovall also received $12,207.00 from the Board of Regents. (PTO Stip. fff). Stovall was removed from her coaching duties, without notice or a hearing, on June 30, 1995, for alleged NCAA violations and later that day Frank Ellis publicly stated that she was removed for possible NCAA violations. (PTO Stip. o, Plaintiff's Response Exhibit C). After removal from her coaching duties, plaintiff Stovall remained employed by defendant and received the same salary. (PTO Stip. gggg). Since her removal from coaching,

---

1. Savannah State College has since changed its name to Savannah State University.

2. There is a dispute between the parties about whether the decision to terminate plaintiffs was made by Frank Ellis, the Athletic Director, or Dr. Wolfe, president of Savannah State. The dispute is immaterial, however, because both individuals had the authority to terminate plaintiffs. (PTO Stip. ee, ff).

plaintiff has only applied for one job, that of Head Women's Basketball Coach for Tuskegee University. (PTO Stip. ww, zz). Although not selected for the position, plaintiff was one of three finalists who received an interview. (PTO Stip. xx).

The alleged NCAA violations of both plaintiffs stem from accusations by a student, Nedra Marks. Marks claimed that Wallace and Stovall helped her to falsify financial aid documents and reduce her scholarship in violation of NCAA rules. (PTO Stip. hhh, kkk). Both plaintiffs were relieved of their coaching duties after an investigation of the allegations. Plaintiffs appealed their removal from coaching to the Board of Regents, which upheld the dismissal after providing plaintiffs with a full blown adversary hearing, during which plaintiffs were represented by counsel and allowed to call witnesses on their behalf. (PTO Stip. ii-kk).

Both plaintiffs allege: (1) defendants deprived them of their procedural due process right to property and liberty by not giving them notice or a hearing before their termination and by making false statements regarding their termination; and (2) defendants deprived them of their substantive due process rights. Plaintiff Wallace alleges he was paid less than his replacement who was female because of his sex in violation of the Equal Pay Act and Title VII. Plaintiff Stovall claims that defendants breached the settlement agreement and made false statements and removed her from coaching in retaliation for the filing of her prior charge of discrimination in violation of the Equal Pay Act and Title VII.[3]

### ANALYSIS

### I. *Summary Judgment Standard*

Summary judgment serves to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed.R.Civ.P. 56 advisory committees note, cited in *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). It is appropriate only when the pleadings, depositions, and affidavits submitted by the parties indicate no genuine issue of material fact and show that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A court must view the evidence and any inferences that may be drawn from it in the light most favorable to the non-moving party. *Mercantile Bank & Trust Co., Ltd. v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir.1985).

The party seeking summary judgment must first identify grounds demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Such a showing shifts to the non-moving party the burden to go beyond the pleadings and present affirmative evidence showing that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 2514–15, 91 L.Ed.2d 202 (1986); *Thompson v. Metropolitan Multi–List, Inc.*, 934 F.2d 1566, 1583 n. 16 (11th Cir.1991). "Factual disputes that are irrelevant or unnecessary will not be counted," *United States v. Gilbert*, 920 F.2d 878, 883 (11th Cir.1991) (citation omitted), and a mere scintilla of evidence supporting the non-moving party's position will not fulfill this burden. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.1990).

### II. *Plaintiffs' § 1983 Claims*

### A. *Plaintiffs' Property Interests*

■ For a claim to succeed under § 1983, a plaintiff must show that a person acting under color of state law deprived him of a federal or constitutional right. *See Edwards v. Wallace Community College*, 49 F.3d 1517, 1522 (11th Cir.1995). Plaintiffs allege the violation of their procedural due process rights under the Fourteenth Amendment, which states a claim under § 1983. *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990). Plaintiffs both claim that they had property

---

3. Plaintiff Wallace's claims for defamation, intentional infliction of emotional distress, tortious interference with business relations and conspiracy to violate his civil rights were dismissed with prejudice. Plaintiff Stovall's claims for defamation and intentional infliction of emotional distress were dismissed with prejudice.

interests in their jobs which entitled them to notice and a hearing before termination. Because they were not given notice or a hearing prior to termination, plaintiffs allege their rights to procedural due process have been violated. Plaintiffs, however, had no property interest in their jobs because they did not have written contracts and were basically at-will employees. The parties have stipulated that plaintiffs were classified employees whose employment was governed by the Board of Regents Business Procedures Manual Volume 3A Revised which provides that "[d]ismissal, demotion, or suspension of classified employees may be effected by that employee's immediate supervisor when the supervisor determines that the employee's performance of duty or personal conduct is unsatisfactory." (PTO Stip. ee). This type of language has been held to create an at-will employment relationship. *Edwards v. Brown,* 699 F.2d 1073, 1076–78 (11th Cir.1983)(language employee "shall serve during good behavior and efficient service, to be judged by the commissioner or a designee" created at-will employment). At-will employees "typically will not be able to establish a § 1983 claim because there is no property interest to protect." *Merritt v. Brantley,* 936 F.Supp. 988, 991 (S.D.Ga.1996)(citing *Nichols v. City of Kirksville,* 68 F.3d 245, 248 (8th Cir.1995)).

■ Even if we assume plaintiffs had a property interest in their jobs, their claims for a violation of their procedural due process rights still fail. A procedural due process violation does not occur until the state fails to provide an adequate remedy. *Id.,* (citing *McKinney v. Pate,* 20 F.3d 1550, 1564–65(11th Cir.)(en banc), *cert. denied,* 513 U.S. 1110, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995)). One month after the decision to remove them from their coaching positions became final, plaintiffs were provided an opportunity to contest the removal decision at a hearing where they were represented by counsel who called witnesses on their behalf. (PTO Stip. gg-jj). The hearing officer upheld the removal of both plaintiffs from their coaching duties. Plaintiffs could have sought review

of this decision by filing a petition for a writ of certiorari in the Superior Court of Chatham County within thirty days. *See* O.C.G.A. § 5–4–1; *Jones v. Chatham County,* 223 Ga.App. 455, 477 S.E.2d 889, 892 (1996); *Wilson v. Latham,* 227 Ga. 530, 181 S.E.2d 830, 833 (1971). Plaintiffs did not pursue this remedy and they have not alleged that this procedure is inadequate.[4] (PTO Stip. nn, Stovall Complaint at 7, Wallace Complaint at 5–6). Plaintiffs' claims for violations of their procedural due process rights based on their alleged property interests in their jobs fail because they had no property interest in their jobs and even if they did have such an interest there are available adequate state remedies. Plaintiffs have failed to plead and prove that the available remedies are inadequate. *See Merritt,* 936 F.Supp. at 991 (citing *Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir.1995)).

B. *Plaintiffs' Liberty Interests*

■ Plaintiffs have also alleged a violation of their liberty interests under the due process clause based on alleged statements made by Frank Ellis wherein he stated that plaintiffs had been fired for NCAA violations. The Eleventh Circuit has set out the elements of a claim for a deprivation of a liberty interest under the due process clause in

*Warren v. Crawford:*

> A plaintiff must show: (1) a false statement; (2) of a stigmatizing nature; (3) attending a governmental employee's discharge; (4) made public; (5) by the governmental employer; (6) without a meaningful opportunity for [an] employee name clearing hearing.'

927 F.2d 559, 565 (11th Cir.1991)(quoting *Buxton v. City of Plant City,* 871 F.2d 1037, 1042–43 (11th Cir.1989)). The plaintiff must show the false statement "stigmatized him and foreclosed him from other employment opportunities." *Lovell v. Floyd County,* 710 F.Supp. 1364, 1373 (N.D.Ga.1989). Plaintiff Wallace has not shown that he has been stigmatized, in fact, his testimony negates any claim of stigmatization. Wallace ob-

---

4. Plaintiff Wallace admits that his procedural due process claim is "fatally flawed" in his response to defendant's motion for summary judgment.

tained comparable employment at Morris Brown College and a higher salary even though he was asked about the circumstances surrounding his departure from Savannah State. (PTO Stip. ss-vv). Plaintiff Stovall admits that since her removal she applied for a position as Head Women's Basketball Coach at Tuskegee University and that she was one of three finalists for the job, receiving an interview with the athletic committee. (PTO Stip. ww, xx). Although plaintiff Stovall did not get the job, she admits she was never asked about the circumstances surrounding her removal. (PTO Stip. yy). Plaintiff Stovall has not applied for any other jobs. (PTO Stip. zz). Neither plaintiff Wallace nor plaintiff Stovall has come forward with any evidence to support their claims of stigmatization.

 Assuming plaintiffs were stigmatized, however, their claims still fail because they were provided with a name clearing hearing one month after the removal decision became final. *See Buxton v. City of Plant City*, 871 F.2d at 1046 (holding that opportunity to clear name in post-termination hearing is enough to satisfy due process). It is undisputed that plaintiffs took advantage of the opportunity to clear their names in a post-termination hearing. (PTO Stip. hhkk). Plaintiffs' claims for a violation of § 1983 based on a deprivation of their liberty interests fail to state a claim.[5]

### C. Plaintiffs' Substantive Due Process Rights

 Plaintiffs have also alleged substantive due process violations. These claims fail because a substantive due process claim cannot be based on state created rights and any interests plaintiffs may have in their jobs stem from state created rights. *See McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994). In *McKinney*, the Court noted that "areas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection." *Id.* State created rights can be "rescinded so long as the elements of procedural-not-substantive-due process are observed." *Id.* Plaintiffs' claims for a substantive due process violation fail to state a claim.[6]

### III. Plaintiffs' Equal Pay Act and Title VII Claims[7]

#### A. Plaintiff Wallace

 Plaintiff Wallace alleges a claim for disparate pay under both the Equal Pay Act and Title VII. In order for a plaintiff to make a prima facie case for a claim of disparate pay under the Equal Pay Act, the plaintiff must show the "employer pays different wages to employees of opposite sexes 'for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" *Beavers v. American Cast Iron Pipe Co.*, 975 F.2d 792, 795 (11th Cir.1992)(citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 195, 94 S.Ct. 2223, 2228, 41 L.Ed.2d 1 (1974)); *See also Meeks v. Computer Associates International*, 15 F.3d 1013, 1018 (11th Cir.1994). Once plaintiff has established a prima facie case, the burden shifts to the defendant to prove that "the pay differential was justified under one of the four affirmative defenses in section 206(d)." *Meeks*, 15 F.3d at 1018. If a pay differential

---

**5.** Plaintiffs' claims for a violation of a liberty interest are also foreclosed by the availability of adequate state remedies. *See Merritt v. Brantley*, 936 F.Supp. 988, 993 (S.D.Ga.1996)(holding *McKinney's* analysis applied to liberty interest claims).

**6.** Plaintiff Wallace attempts at this late date in his response to the motion for summary judgment to assert a novel substantive due process claim based on his position as "unofficial spokesman of Lasonya Stovall with regards to her EEOC charge." This claim was not raised in plaintiff's complaint, amended complaint or the pre-trial order. However, on its merits the claim

still fails because plaintiff is still relying on a state created right and under *McKinney* is only entitled to procedural due process. *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir.1994).

**7.** Plaintiffs have admitted that Defendant Wolfe has no exposure to individual liability under either statutory scheme and that these claims are only against Defendant Board of Regents. (Plaintiff Stovall's Response to Defendants' Motion for Summary Judgment at 3 n. 1). *See* 42 U.S.C. § 2000e(b); 29 U.S.C. § 2006(b)(1); *Edwards v. Wallace Community College*, 49 F.3d 1517, 1521 (11th Cir.1995).

is based on one of the following it does not violate the Equal Pay Act: "(1) a seniority system; (2) a merit system; (3) a system which measures earnings by quantity or quality of production; or (4) any factor other than sex." *Id.,* (citing 29 U.S.C.A. § 206(d)(1)).

Wallace cannot make out a prima facie case because he has failed to show that the work at issue required equal skill, effort and responsibility. Plaintiff Wallace's budgeted non-coaching duties were those of demonstration teacher, while Ms. Debro's budgeted non-coaching duties were first those of co-op site coordinator and later those of intramural coordinator. (PTO Stip. z, xxx, aaaa, eeee, ffff).[8] Wallace cannot show that Ms. Debro and he performed work requiring equal skill, effort and responsibility because the undisputed facts show that their non-coaching duties were completely different. Even if we assume that Wallace has made out a prima facie case, his claim still fails because the difference in pay is based on a factor other than sex, which is a proper basis for a disparity in pay.[9] 29 U.S.C. § 206(d)(1)(iv). Wallace's Equal Pay Act claim fails as a matter of law.

Wallace's claim of disparate pay under Title VII also fails.[10] The Eleventh Circuit has held that "the *McDonnell/Douglas Burdine* approach to disparate treatment is the appropriate framework for evaluating ... [plaintiff's] claim of gender-based wage discrimination." *Miranda v. B & B Cash Grocery Store. Inc.,* 975 F.2d 1518, 1528 (11th Cir.1992). In order to make a prima facie case of sex based wage discrimination under Title VII, a plaintiff must show that he is a male and that the job he occupied was similar[11] to higher paying jobs occupied by females. *Id.* at 1526, 1529. The burden then shifts to the defendant to produce a "legitimate, non-discriminatory reason for the pay disparity." *Id.* at 1529, (citing *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 255–56, 101 S.Ct. 1089, 1094–95, 67 L.Ed.2d 207 (1981)). The defendant's burden of production "in rebutting the *prima facie* case is 'exceedingly light.' " *Id.,* (citing *Perryman v. Johnson Products. Inc.,* 698 F.2d 1138, 1142 (11th Cir.1983)). Once defendant has met its burden of production, plaintiff has the burden of showing that defendant's proffered reason is merely a pretext for intentional discrimination. *Id.; See also Meeks,* 15 F.3d at 1019–21 (discussing difference between proving Equal Pay Act violation and Title VII wage based discrimination violation).

Assuming plaintiff has made out a prima facie case,[12] his claim still fails because defendants have come forward with a legitimate non-discriminatory reason for the disparity in pay and plaintiff has failed to produce any evidence of an intent to discriminate. Defendants have pointed to the different non-budgeted positions as the reason for the disparity in pay. As noted earlier, defen-

---

**8.** Frank Ellis has testified that coaches at Savannah State are paid based on the other non-coaching positions available on campus because coaches are not paid out of the athletic budget. (Deposition of Frank Ellis at 23). Plaintiff has not come forward with any evidence to dispute this testimony beyond conclusory denials, which are not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby,* 477 U.S. 242, 257, 106 S.Ct. 2505, 2514–15, 91 L.Ed.2d 202 (1986).

**9.** Plaintiff even admits that defendant's pay disparity is based on a factor other than sex by noting that the pay disparity was based on "the budgetting [sic] process utilized by the school." (Plaintiff's brief in support of response to defendants' motion for summary judgment).

**10.** It is interesting to note the inconsistencies in plaintiffs' claims of disparate pay in this case.

On the one hand plaintiff Stovall in her prior EEOC charge alleged that defendants paid assistant female coaches less than assistant male coaches, on the other hand plaintiff Wallace asks us to believe that head male coaches are paid less than head female coaches. A more bizarre pattern of discrimination is difficult to imagine.

**11.** Title VII's standard of similarity is more relaxed than the "exacting standard of substantial equality of positions set forth in the Equal Pay Act." *Miranda v. B & B Cash Grocery Store. Inc.,* 975 F.2d 1518, 1529 n. 15 (11th Cir.1992).

**12.** The Court questions whether plaintiff can even make out a prima facie case because of the dissimilar job duties of Ms. Debro and plaintiff Wallace, but will assume plaintiff has made a prima facie case because of the favorable inferences required under the summary judgment standard.

dant's burden is "exceedingly light" and they have met it by producing this legitimate non-discriminatory reason. To prove defendant's reason is a pretext for intentional discrimina-tion, plaintiff must "present 'significantly probative' evidence on the issue to avoid summary judgment." *Meeks*, 15 F.3d at 444 (quoting *Young v. General Foods Corp.*, 840 F.2d 825, 829 (11th Cir.1988)).

■ The only evidence plaintiff points to is an affidavit of Kenneth Taylor, Ph.D., Head of the Department of Recreations at Savannah State and a report of Athletic Di-rector Charles Elmore. Mr. Taylor states that when Wallace was hired as Demonstra-tion Teacher there was no such available position in the Department of Recreations and that Wallace was hired to be the Head Women's Basketball Coach. Mr. Taylor's statement in no way raises an inference of discrimination. Whether or not Wallace's duties were that of demonstration teacher or head coach is irrelevant because it is undis-puted that Ms. Debro had duties which plain-tiff Wallace did not have. (PTO Stip. xxx, aaaa, dddd, eeee, ffff). Plaintiff also points to a report where Charles Elmore states that Wallace was underpaid for his success and track record and in comparison to the coach-es of male sports. This too fails to raise an inference of discrimination. It is not the fact of underpayment that Title VII is concerned with, but rather a disparity in pay between males and females who perform equal work caused by an intent to discriminate. El-more's report offers nothing probative on this issue. A generalized assertion that Wal-lace makes less money than coaches of male sports also does nothing to raise an inference of discrimination in the context of Wallace's claim that Ms. Debro, his replacement, was paid more than him.[13] Plaintiff has failed to come forward with any probative evidence to prove that an intent to discriminate was the real reason for the disparity in pay.

### B. *Plaintiff Stovall*

■ Plaintiff Stovall has alleged viola-tions of the Equal Pay Act and Title VII based on defendants alleged breach of her

settlement agreement. Plaintiff's claim for breach of the agreement fails as a matter of law because plaintiff admits that all of the terms have been fully complied with. (PTO Stip. ddd-fff, Plaintiff's Exhibit L). The only remaining claims plaintiff Stovall has are for retaliation under both the Equal Pay Act and Title VII. Under the Equal Pay Act it is unlawful for any person:

to discharge or in any other manner dis-criminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3). The Eleventh Circuit has held that a plaintiff proves a violation of § 215(a)(3) when she can show that the pro-tected activity was the "but for" cause of her discharge. *Reich v. Davis*, 50 F.3d 962, 965–66 (11th Cir.1995). In the present case plaintiff has failed to show that her EEOC complaint was the "but for" cause of her removal from coaching. On the contrary, plaintiff has even stipulated that "Dr. Wolfe never told M. Ellis he wanted Lasonya Sto-vall's coaching duties terminated because she had previously filed an Equal Pay Act charge with the EEOC." (PTO Stip. ppp). Plaintiff has also failed to come forward with any circumstantial evidence which shows "but for" causation. Plaintiff's circumstantial evi-dence is analyzed below and it fails under the Equal Pay Act for the same reasons it fails under Title VII.

■ To establish a claim for retalia-tion under Title VII, a plaintiff must prove: "(1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there is some causal relation between the two events." *Meeks*, 15 F.3d at 1021(citing *EEOC v. Reichhold Chemicals, Inc.*, 988 F.2d 1564, 1571–72 (11th Cir.1993)). To establish her prima facie case, a plaintiff must merely "prove that the protected activity and the negative employment action are not com-pletely unrelated." *Id.* Once plaintiff has

---

**13.** A claim that coaches of male sports are paid less than coaches of female sports is not a claim

that has been pled in this lawsuit and, therefore, is not before this Court.

established her prima facie case, the defendant's burden is again 'exceedingly light' as he must offer a legitimate non-discriminatory reason for the adverse action. *Id.* Plaintiff must then show the defendant's reason is "a pretext for retaliation." *Id.*

In the present case, we will assume plaintiff has made out a prima facie case of retaliation. Her claim still fails, however, because defendant has offered a legitimate non-discriminatory reason for the action and plaintiff has not shown this is a pretext for retaliation. Defendant took the adverse employment action because plaintiff Stovall had been accused of NCAA violations.[14] Importantly, plaintiff Stovall was not the only person to be removed from coaching for these same allegations. The fact that plaintiff Wallace was also removed from his coaching duties for the same reason weighs against plaintiff Stovall's retaliation claim. Plaintiff Stovall was treated the same as someone who had not engaged in protected activity which makes it less likely that defendant acted out of a desire to retaliate. It stretches credulity to infer that plaintiff Wallace, the admitted best coach of Ladies Basketball in Savannah State history, was also removed from his coaching position in order to cover up a retaliatory scheme against plaintiff Stovall.[15]

Plaintiff attempts to show an intent to retaliation by arguing that she never committed an NCAA violation and that the reason for terminating her was pretext. Plaintiff relies solely on the timing of her removal to establish her claim, arguing that because she was removed one day after the conclusion of her settlement contract that is sufficient to create an inference of retaliation. In light of defendant's legitimate non-discriminatory reason this alone is insufficient to show pretext. Plaintiff Stovall has offered no probative evidence that shows defendant's reason was a pretext for discrimination and " 'conclusory allegations of discrimination,

without more, are not sufficient to raise an inference of pretext or intentional discrimination where [a defendant] has offered extensive evidence of legitimate non-discriminatory reasons for its actions.' " *Isenbergh v. Knight–Ridder Newspaper Sales. Inc.,* 97 F.3d 436, 444 (11th Cir.1996)(citing *Young v. General Foods Corp.,* 840 F.2d 825, 830(11th Cir.1988)).

## CONCLUSION

Having addressed plaintiffs' claims on their merits, the Court does not reach defendants' claims of qualified immunity. For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's motions for summary judgment be and are granted in their entirety.

---

14. Plaintiff Stovall argues that because she did not in fact commit the NCAA violations, this shows defendant's reason was a pretext. Defendant only has a burden of production, not persuasion, as to a legitimate non-discriminatory reason. The burden of persuasion remains at all times on plaintiff to show defendants acted with an intent to retaliate. *Meeks,* 15 F.3d at 1021.

15. In addition to plaintiff Stovall and plaintiff Wallace, a third coach was also removed from his coaching position on the same day. (Deposition of Frank Ellis at 48).